UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
3:11mc 179

IN RE:   MOTIONS BASED ON RETROACTIVE CRACK
         COCAINE GUIDELINES AMENDMENT

AMENDED
ORDER

The following procedure shall be followed by agencies and attorneys in this district to assist the Court in resolving sentence reduction motions based upon the retroactive amendment to the crack cocaine guidelines set forth in the United States Sentencing Guidelines Manual (USSG), Supp. to Appx. C, Parts A and C of Amend. 750 (2011) (retroactivity effective November 1, 2011). As a general matter, motions seeking a reduction of sentence pursuant to the retroactive guideline are governed by 18 U.S.C. § 3582(c)(2). These proceedings are not full resentencings, and may be ruled on by the Court without a hearing.

The Court, as part of an 18 U.S.C. § 3582(c)(2) proceeding, will not entertain a challenge based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*). The Court, however, retains the discretion on a case-by-case basis to resolve any Simmons motions that are otherwise properly before it, if filed in a separate motion.

As the Fair Sentencing Act of 2010 does not apply retroactively, the applicable statutory mandatory minimums are those applied by the Sentencing Judge at the original sentencing hearing. United States v. Bullard, 645 F.3d 237, 4th Cir. 2011). Inclusion of Amendment 750 (Parts A and C) in USSG §1B1.10(c) only allows the guideline changes to be considered for retroactive application; it does not make any of the statutory changes in the Fair Sentencing Act of 2010 retroactive.

1. Pursuant to the provisions of the Criminal Justice Act, 18 U.S. C. § 3006(a)(1) and (c), the Federal Defender's Office (FDO) is appointed to represent any defendant previously determined to have been entitled to appointment of counsel, or who is now indigent based on a financial affidavit, and (1) who files a motion seeking relief for reduction of sentence in accordance with the revised base offense levels for crack cocaine, USSC § 2D1.1 and 18 U.S.C. § 3582(c)(2); or (2) whose name appears on lists supplied by the United States Sentencing Commission and the USPO as potentially eligible for sentence reduction; or (3) who has been identified by the FDO as potentially eligible for a sentence reduction.

2. The United States Probation Office (USPO) will provide to the FDO and the United States Attorney's Office (USAO) a list of defendants potentially eligible for sentence reduction compiled by the United States Sentencing Commission (USSC) and the USPO.

3. The USPO shall only provide the Presentence Report (PSR), the Statement of Reasons (SOR) and the Judgment in a Criminal Case (J&C) to the FDO and USAO for defendants whose documents are not filed in CM/ECF. The FDO shall provide such materials to any subsequently designated or retained counsel. Such documents shall only be used for purposes of eligibility analysis and sentence reduction motions.

4. If the FDO determines a defendant may qualify for a sentence reduction and that defendant has filed a motion pro se, the FDO will designate counsel for the defendant.

5. If the FDO determines a defendant may qualify for a sentence reduction, and no pro se motion has been filed, the FDO shall notify the defendant and inquire whether he or she wishes to file a motion.

    a. If a defendant wishes to file a motion, and previously qualified for appointed counsel, the FDO shall designate counsel for the motion.

b. If a defendant wishes to file a motion, and previously retained counsel, the FDO shall inquire of the defendant whether he or she intends to retain counsel for the motion. The FDO shall provide a financial affidavit and directions for requesting court-appointed counsel to the defendant.

c. If a defendant does not wish to file a motion, the FDO will keep a record of that decision, and notify the USAO and USPO.

6. The USPO, from the aforementioned lists, shall prepare a Supplement to the Presentence Report Pursuant to Crack Cocaine Guideline Amendment (Parts A and C of Amend. 750) for the Court and parties analyzing the defendant's eligibility for a sentence reduction and detailing his or her institutional adjustment. If the Court entered a variance at the original sentencing based solely on the ratio of crack cocaine to powder cocaine in anticipation of Amend. 750, the USPO will determine the reduction based on the original crack cocaine quantity determined by the Court, and recommend sentencing on the lowest of the two offense levels.

7. The USAO and FDO or designated counsel may file a response to the motion. With exception of defendants subject to immediate release in which a response will be filed immediately, the USAO and FDO or designated counsel shall respond to all other motions within thirty days.

8. The Court shall resolve the motion with or without a hearing on a case-by-case basis as justice requires.

9. Priority shall be given to defendants potentially eligible for immediate release from incarceration. A "time served sentence plus ten days" will be requested to allow the Bureau of Prisons to complete the defendant's release.

**IT IS SO ORDERED** this the 10th day of August 2012.

_____　　　　　_____
Robert J. Conrad, Jr.　　　　　　　　Richard L. Voorhees
Chief United States District Court Judge　United States District Court Judge

_____　　　　　_____
Frank D. Whitney　　　　　　　　　　Martin Reidinger
United States District Court Judge　　United States District Court Judge

_____　　　　　_____
Max O. Cogburn, Jr.　　　　　　　　　Graham C. Mullen
United States District Court Judge　　United States Senior District Judge